UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KYMBERLY PERRY,<br>Individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br><br>v.<br><br>DIVERSANT, LLC<br><br>     *Defendant.* | § § § § § § § § § § § § § § | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Kymberly Perry brings this action individually and on behalf of all other Project Managers (collectively "Plaintiff and the Putative Collective Members") who worked for Diversant, LLC ("Diversant" or "Defendant") at any time from September 22, 2019, through the final disposition of this matter to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This is an action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Diversant as hourly Project Managers, at any time from September 22, 2019, through the final disposition of this matter, who were improperly classified as exempt from overtime and were not paid overtime compensation in violation of the FLSA.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Diversant not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

5. Diversant knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Collective Members did not and do not perform any type of work that meets the definition of exempt work under the FLSA.

7. Diversant knowingly and deliberately misclassified Plaintiff and the Putative Collective Members as exempt employees not entitled to overtime compensation.

8. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Kymberly Perry ("Perry") was employed by Diversant during the relevant time period. Plaintiff Perry did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former hourly Project Managers who worked for Diversant, at any time from September 22, 2019 through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiff Perry worked and was paid.

12. Defendant Diversant is a foreign limited liability company. Its status is currently listed as forfeited under the Texas Secretary of State filings. Defendant Diversant may be served through its registered agent for service: **Cogency Global, Inc. 1601 Elm St., Suite 4360, Dallas, Texas 75201.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over Diversant because of Diversant's conduct within this District and Division.

15. Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Plaintiff Perry worked for Diversant in Dallas, Texas for the duration of her entire employment with Diversant, which is located in this District and Division.

---

[1] The written consent of Kymberly Perry is attached hereto as Exhibit "A."

## IV.
## ADDITIONAL FACTS

17. Diversant is an IT staffing company with its headquarters in the State of New Jersey.

18. Diversant employed (and continues to employ) numerous hourly Project Managers throughout the United States—Plaintiff and the Putative Collective Members—who work for Diversant by providing their labor services to Diversant's client companies.

19. Plaintiff and the Putative Collective Members' job duties generally involve providing oversight and project management services by holding team meetings, assigning tasks for team members, meeting with clients and customers to discuss goals, and ensure teams are held accountable for project deliverables.

20. Plaintiff Perry was hired to work as a Project Manager by Diversant, LLC for the benefit of one of Diversant's clients, RAPP Worldwide, Inc. ("RAPP Worldwide").

21. Plaintiff Perry's primary job duties involved the oversight of marketing campaigns—specifically, she held meetings with the teams she oversaw, met with client companies Toyota and Lexus to discuss their goals for each marketing campaign, discussed the progress of the campaign with different teams, and reviewed work submitted by various teams.

22. Diversant classified the Plaintiff and Putative Collective Members as exempt from receiving overtime compensation under the FLSA.

23. However, Plaintiff and the Putative Collective Members did not perform work that would qualify them as exempt from overtime under any FLSA overtime exemptions.

24. Instead, Diversant paid Plaintiff and the Putative Collective Members a straight hourly wage for all hours worked but failed to pay them time and one half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

25. When Plaintiff Perry asked Diversant why she was not being paid overtime, Diversant told her she was exempt under the "computer employee" exemption. *See* 29 U.S.C. § 213(a)(17); 29 C.F.R. § 541.400-402.

26. However, Plaintiff and the Putative Collective Members were not employed as a computer systems analyst, computer programmer, or software engineer, and did not perform any functions that would require skills similar to the aforementioned positions.

27. Plaintiff and the Putative Collective Members did not apply systems analysis techniques and procedures.

28. Plaintiff and the Putative Collective Members did not design, develop, document, analyze, create, test, or modify computer systems, programs, or operating systems.

29. Indeed, Plaintiff and the Putative Collective Members did not perform any duties that would qualify them for the "computer employee" exemption.

30. Because Plaintiff and the Putative Collective Members did not perform any job duties that would qualify them as exempt from overtime, Diversant's misclassification was a willful violation of the FLSA.

31. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

32. Plaintiff and the Putative Collective Members regularly worked (and continue to work) in excess of forty (40) hours per week but never received any overtime compensation.

33. Diversant knew or should have known that it was not compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

34. Diversant knew or should have known that its failure to pay overtime to Plaintiff and the Putative Collective Members would (and did) cause financial injury to Plaintiff and the Putative Collective Members.

35. Because Diversant failed to compensate Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) hours in a workweek, Diversant's pay policies and practices willfully violate the FLSA.

36. Diversant knowingly and deliberately misclassified Plaintiff and the Putative Collective Members as exempt employees not entitled to overtime compensation.

37. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

38. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## V.
## CAUSE OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

39. The preceding paragraphs are fully incorporated herein.

40. FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY PROJECT MANAGERS WHO WORKED FOR DIVERSANT, LLC, AT ANY TIME FROM SEPTEMBER 22, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

41. At all material times, Diversant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all material times, Diversant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

43. At all material times, Diversant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

44. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Diversant, these individuals have provided services for Diversant that involved interstate commerce for purposes of the FLSA.

45. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

46. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Diversant who assisted Diversant's customers who live throughout the United States. 29 U.S.C. § 203(j).

47. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

48. In violating the FLSA, Diversant acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

49. The proposed collective of similarly situated employees, in other words, the FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 40.

50. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Diversant.

**B.   FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA**

51. Diversant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

52. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Diversant's acts or omissions as described herein; though Diversant is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

53. Moreover, Diversant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and the Putative Collective Members the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

54. Diversant knew or should have known its pay practices were in violation of the FLSA.

55. Diversant is a sophisticated party and employer, and therefore knew (or should have known) its pay policies violated the FLSA.

56. Plaintiff and the FLSA Collective Members, on the other hand, were unsophisticated employees who trusted Diversant to pay them according to the law.

57. The decision and practice by Diversant to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

58. Diversant knew that Plaintiff did not perform any duties that would qualify her for the "computer employee" exemption but continued to classify her, and the FLSA Collective Members, as exempt and failed to pay them overtime compensation for hours worked over forty (40) in a workweek.

59. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

60. All previous paragraphs are incorporated as though fully set forth herein.

61. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Diversant's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

62. Other similarly situated employees have been victimized by Diversant's patterns, practices, and policies, which are in willful violation of the FLSA.

63. The FLSA Collective Members are defined in Paragraph 40.

64. Diversant's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and

practices of Diversant and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

65. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

66. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

67. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

68. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

69. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Diversant will retain the proceeds of its rampant violations.

70. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the collective and provide for judicial consistency.

71. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 40 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

72. Plaintiff respectfully prays for judgment against Diversant as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 40 and requiring Diversant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

a. For an Order pursuant to Section 16(b) of the FLSA finding Diversant liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

c. For an Order awarding the costs and expenses of this action;

d. For an Order awarding attorneys' fees;

e. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   September 23, 2022                Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**FORESTER HAYNIE, PLLC**

By:    /s/ *Jay Forester*
J. Forester

Texas Bar No. 24087532
Katherine Serrano
Texas Bar No. 24110764
400 North Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 210-2100
jay@foresterhaynie.com
kserrano@foresterhaynie.com

***Attorneys in Charge for Plaintiff and the Putative Collective Members***